**E. Scott FRISON, Jr. and Lisa Ann Frison, Plaintiffs–Appellants,**

v.

**The Honorable Anthony PRINCIPI and United States, Defendants–Appellees.**

No. 02–1217.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 25, 2002.

*ORDER*

GAJARSA, Circuit Judge.

E. Scott Frison, Jr. and Lisa Ann Frison (Frison) move for an injunction, pending appeal. The court considers whether Frison's appeal should be dismissed for lack of jurisdiction.

Frison sought a temporary restraining order and injunction in the United States District Court for the District of Maryland to bar the Department of Veterans Affairs from proceeding with evicting Frison from his home on February 26, 2002. On Feb-

ruary 19, 2002, the district court stated that Frison should pursue his litigation, if at all, in state court. Frison appeals that order and seeks an injunction, pending appeal, from this court.

This court lacks jurisdiction to review the district court's order. The only possible basis for jurisdiction is 28 U.S.C. § 1346(a)(2), the Little Tucker Act. Under the Little Tucker Act, a district court shares jurisdiction with the Court of Federal Claims in nontax Tucker Act cases seeking damages not exceeding $10,000. However, Frison's suit for injunctive relief does not implicate the Tucker Act jurisdiction. *See Bowen v. Massachusetts*, 487 U.S. 879, 893, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (distinguishing an action for monetary damages under the Tucker Act from "an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for the 'recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions.'") Thus, any appeal of the district court's order should be directed to the United States Court of Appeals for the Fourth Circuit.

Accordingly,

IT IS ORDERED THAT:

(1) Frison's appeal is dismissed.

(2) Each side shall bear its own costs.